# UNITED STATED DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------------

GARY L. FRANCIS                                    **COMPLAINT**

       Plaintiff                                **JURY TRIAL DEMANDED**

V                                          Civil Case No.---------- CIV.---------

JOHN M. NICHOLS, ESQ

JENNIFER M.S. BYRNE, ESQ

THE BANK OF NEW YORK MELLON

ROBERT G. HALL &

ANISSA HICKERSON                           **JUDGE SEIBEL**

       Defendants

-----------------------------------------------------x  **16 CV 01848**

## PRELIMINARY STATEMENT

Plaintiff institutes this action for actual damages, statutory damages, punitive

damages and other costs against defendants John M. Nichols, Jennifer M.S. Byrne,

the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson, for

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et Seq.,

("FDCPA"); Violations of the Racketeer Influenced and Corruption Practices Act,

18 U.S.C. § 1961, et Seq, Violations of New York General Business Law, § 349

(a), & for Civil Conspiracy associated with a foreclosure action and engaging in a conspiracy to join an existing conspiracy in violation of title 18 U.S.C. § 371.

## I.    JURISDICTION

1. This Court has jurisdiction for the first count pursuant to the FDCPA, 15 U.S.C. § 1692 k (d), and 28 U.S.C. §§ 1331 and 1337.

2. This court has jurisdiction for the second count pursuant to RICO, 18 U.S.C. § 1964 (a) & (c), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. This court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.


## II.    PARTIES

4. Plaintiff Gary L. Francis is a natural person residing at 543 Main Street, Unit # 211, New Rochelle, (Westchester County) New York 10801.

5. Defendant John M. Nichols is the attorney currently defending plaintiff's motion for stay pending appeal for the law firm of Barclay Damon, LLP, with offices located at One Park Place, 300 South State Street, Syracuse, (Onondaga County) New York 13202.

6. Defendant Jennifer M.S. Byrne is the attorney who initiate the frivolous foreclosure against plaintiff while working for the law firm of Barclay

Damon, LLP, with offices located at One Park Place, 300 South State Street, Syracuse, (Onondaga County) New York 13202.

7. Defendant, the Bank of New York Mellon is a financial institution with offices located at 1 Wall Street, Floor 2, New York, (New York County) New York 10005-2588.

8. Defendant Robert G. Hall is a robo signer employed by the loan servicer Bayview Loan Servicing, LLC, with offices located at 4425 Ponce De Leon Blvd, 5th Floor, Coral Gables, (Miami-Dade County) Florida 33146.

9. Defendant Anissa Hickerson is a notary public employed by the loan servicer Bayview Loan Servicing, LLC, with offices located at 4425 Ponce De Leon Blvd, 5th Floor, Coral Gables, (Miami-Dade County) Florida 33146.

10. At all times relevant to this transaction, plaintiff Gary L. Francis was and is a **Consumer** within the meaning of 15 U.S.C. § 1692 a (3).

11. At all times relevant to this transaction, plaintiff Gary L. Francis was and is a **Consumer** within the meaning of New York General Business Law § 349 (a).

12. At all times relevant to this transaction, John M. Nichols and Jennifer M. S. Byrne were and are **Debt Collectors** within the meaning of 15 U.S.C. §

1692 a (6), as they regularly collects or attempts to collect debts owed or due another.

13. At all times relevant to this transaction, defendant the Bank of New York Mellon was and is a debt collector within the meaning of 15 U.S.C. § 1692 A (6), as it regularly collects or attempts to collect debts owed or due another.

14. At all times relevant to this transaction, defendants John M. Nichols, Jennifer M.S. Byrne, Robert G. Hall and Anissa Hickerson were and are **Suppliers** within the meaning of New York General law § 349 (a), as they each engaged in the business of effecting consumer transactions.

15. At all times relevant to this transaction, defendants John M. Nichols and Jennifer M. S. Byrne are and were persons as defined under RICO in 18 U.S.C. § 1961 (3).

16. At all times relevant to this transaction, the Bank of New York Mellon is and was a person as defined under RICO in 18 U.S.C. § 1961 (3).

17. At all times relevant to this transaction, defendant Robert G. Hall is and was a person as defined under RICO in 18 U.S.C. § 1961 (3).

18. At all times relevant to this transaction, defendant Anissa Hickerson is and was a person described under RICO in 18 U.S.C. § 1961 (3).

## III.   FACTUAL ALLEGATIONS

19. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

20. On December 6, 2012, defendant, the Bank of New York Mellon, through counsel defendant Jennifer M.S. Byrne, filed a foreclosure action in the Supreme Court of the State of New York, County of Westchester, captioned the Bank of New York Mellon v. Gary L. Francis et al, Case No. 70098 /2012 (the foreclosure action).

**Exhibit A.** Foreclosure complaint filed by the Bank of New York Mellon.

21. Attached to the complaint as an exhibit, was a copy of the note dated June 23, 2006, payable to BNY Mortgage Company, LLC and devoid of indorsements.

**Exhibit B.** Promissory note devoid of indorsements.

22. Also attached to the complaint as an exhibit, was a copy of the mortgage given to BNY Mortgage Company, LLC dated June 23, 2006, which secured the note of plaintiff's property located in the City of New Rochelle, New York 10801.

**Exhibit C. Plaintiff's Mortgage contract.**

23. Defendant Jennifer M.S. Byrne who executed the foreclosure complaint on December 6, 2013 falsely claimed that defendant the Bank of New York Mellon, had standing to prosecute the foreclosure action and further stated in paragraph No. 7 of the complaint, "Said mortgage was assigned to the Bank of New York Mellon, by assignment dated October 29, 2012 and recorded in the Westchester County Clerk's office on November 21, 2012 in control # 523113036. A copy of the assignment is annexed to and made a part hereof as part of exhibit C".

**Exhibit D.** Assignment of mortgage executed October 29, 2012 by Robert G. Hall purporting to be assistant Secretary of MERS, as nominee for BNY Mortgage Company, LLC.

24. However, MERS as the agent had no authority to execute the assignment of mortgage because its principal BNY Mortgage Company, LLC became was inactive and became a living dead corporation on September 30, 2008 according to the NYS Department of State, Division of Corporations record.

**Exhibit E.** NYS Department of State, Division of Corporations record for BNY Mortgage Company, LLC.

25. Robert G. Hall has executed numerous documents purporting to be assistant Secretary of MERS and vice president of Bayview Loan Servicing, LLC.

26. Handwriting expert Richard T. Picciochi has examined thirteen documents executed by Robert G. Hall and in his findings dated February 17, 2016 states, "The observed characteristics provides support for the proposition that there may be multiple authors for the Robert G. Hall signatures". **Exhibit F.** Affidavit of Richard T. Picciochi.

27. On October 29, 2015 the court granted summary judgment in favor of the Bank of New York Mellon which was entered by the clerk on November 2, 2015.

28. On January 21, 2016 plaintiff filed a motion to vacate the judgment of foreclosure and sale for fraud upon the court and on February 10, 2016 the court denied plaintiff's motion.

29. On February 17, 2016 plaintiff filed a notice of appeal of the court's order.

30. On February 22, 2016 plaintiff filed a motion for stay pending appeal with a return date of March 11, 2016. **Exhibit G**. Motion for stay pending appeal.

31. On March 4, 2016 John M. Nichols filed an opposition to the motion for

    stay and attached as an exhibit a notice to auction plaintiff's home on March

    17, 2016, even though the evidence shows that the judgment was granted

    based upon fraudulent documents and fraudulent information submitted to

    the Court.

    **Exhibit H**. Affirmation of John M. Nichols in opposition to the motion to

    stay enforcement of the judgment of foreclosure and sale brought by

    defendant Gary L. Francis.


32. Defendants tortious conduct, in manufacturing the assignment, backdating

    the assignment, offering a false instrument for filing and the conspiracy to

    submit a fraudulent documents to the Court with the sole intent of inducing

    the Court, have allowed defendants to improperly pursue foreclosure against

    plaintiff, with the intent to obtain a judgment of foreclosure and sale through

    fraudulent and false pretenses.

33. As a result of defending the foreclosure, plaintiff has incurred expenses and

    the false document publicly filed with the Westchester county clerk has

    created a cloud upon title and made the subject property unmarketable.

## IV.   FIRST COUNT-FDCPA

34. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

35. Plaintiff purchased the subject property with a mortgage loan through BNY Mortgage Company, LLC.

36. The note, payable to BNY Mortgage Company, LLC, is a debt within the meaning of the FDCAPA, 15 U.S.C. § 1692 a (5), as it was an alleged obligation of plaintiff to pay money in return for the loan to purchase the subject property.

37. Defendants John M. Nichols, Jennifer M.S. Byrne and the Bank of New York Mellon actions of filing and maintaining the frivolous foreclosure action and failing to withdraw the action when they were informed by plaintiff that the action was frivolous and opposing plaintiff's relief of stay pending appeal with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice in attempt to collect a Debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

38. Plaintiff has suffered emotional distress as a result of defendant's John M. Nichols, Jennifer M. S. Byrne and the Bank of New York Mellon's actions.

39. Defendants John M. Nichols, Jennifer M.S. Byrne and the Bank of New York are liable to plaintiff under this count for its FDCPA violations in an

amount equal to or greater than: actual damages in the amount of $5, 000.00
for each of defendant's violations of the FDCPA, 15 U.S.C. § 1692 k (a) (1);
damages for emotional distress; statutory damages in the amount of
$1,000.00 15 U.S.C. § 1692 k (a) (2) (A); and the costs of this action, 15
U.S.C. § 1692 k (a) (3).

## V.    SECOND COUNT- RICO

40. Plaintiff incorporates all other paragraphs in this complaint by reference as
though fully rewritten herein.

41. Defendants are liable to plaintiff under the Racketeer Influenced Corrupt
Organizations Act, 18 U.S.C. § 1961, et Seq, ("RICO").

42. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon,
Robert G. Hall and Anissa Hickerson assisted in, and/or took part in the
actions described herein.

43. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon,
Robert G. Hall and Anissa Hickerson used the Westchester County Supreme
Court, Westchester County New York recorder and the Westchester County
New York Clerk of Court in the furtherance of their actions described
herein.

44. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson acted with other entities with respect to plaintiff's loan who are and were each **person** as defined in 18 U.S.C. § 1961 (3) at all times relevant to this transaction.

45. The ongoing association of the Bank of New York Mellon, its agents, John M. Nichols and Jennifer M.S. Byrne and their agents Robert G. Hall and Anissa Hickerson and other entities are linked by their actions described herein sufficiently form an enterprise as defined in 18 U.S.C. § 1961 (4).

46. Additionally, John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson used the Westchester County Supreme Court, Westchester County New York recorder & the Westchester County New York Clerk of Court in the furtherance of their actions sufficiently link them to an **enterprise** as defined in 18 U.S.C. § 1961 (4).

47. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson communicated with plaintiff, with each other, and with the Westchester County Supreme Court, Westchester County New York recorder, and the Westchester County New York Clerk of Court via mail, telephone, wire and electronic mail communications within a three year period immediately preceding the date of this complaint.

11

48. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson acted in the following manners, which were devised and implemented as a scheme to defraud plaintiff:

a. Drafting, and executing the assignment;

b. Recording the assignment with the Westchester County, New York recorder;

c. Filing legal actions relying on the assignment to demonstrate, amongst other things, the Bank of New York Mellon standing.

d. Seeking judgment in the Bank of New York Mellon's favor in the legal action and relying in part on the defective assignment.

e. Filing an opposition to Francis motion for to vacate the judgment of foreclosure and sale for fraud upon the court;

f. Failing to notify the court on that the judgment of foreclosure and sale was granted based on a fraudulent assignment of mortgage;

g. Filing an opposition to Francis motion for stay pending appeal and making false statements.

h. Scheduling plaintiff's home for a public auction to be held on Thursday March 17, 2016 at 10.00 a.m. even though the judgement of foreclosure and sale was based upon fraudulent documents and there is no indorsement on the note to the Bank of New York Mellon.

49. These actions were part of a scheme or artifice to defraud plaintiff.

50. Defendants conduct described herein constitutes unlawful conduct, including that conduct being devised and implemented to defraud plaintiff.

51. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's representations to plaintiff, the Westchester County Supreme Court, Westchester County New York recorder and the Westchester County Clerk of Court about the possibility, legality, and truthfulness of the assignment were not true.

52. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's representations were material to the scheme to defraud plaintiff.

53. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson communicated their representations using the United States postal service in violation of title 18 U.S.C. § 1341 (Mail fraud).

54. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson communicated their representations using wire communications in violation of title 18 U.S.C. § 1343 (Wire fraud).

55. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson communicated their representations to plaintiff, and the referenced others, more than four times using interstate commerce.

56. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson, individually or collectively, sent plaintiff more than two motions, opposition to motions and or reply to motions using the postal service during the times relevant to this transaction.

57. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson communicated with plaintiff, and/or the Westchester County New York Supreme Court, and the Westchester County New York Clerk of Court more than two times during the relevant times to this transaction.

58. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's actions constitute a pattern of conduct.

59. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's action, both individually and collectively, amongst themselves, and with plaintiff, and the Westchester County New York Clerk of Court constitute a pattern of conduct.

60. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud plaintiff.

61. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud the Westchester County New York Supreme Court.

62. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson actions described herein constitute fraud and swindles under 18 U.S.C. Section 1343.

63. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York, Robert G. Hall, and Anissa Hickerson actions described herein constitute fraud and swindles under 18 U.S.C. Section 1341.

64. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson, both individually and collectively, were related in that their actions had similar purposes, results, participants, victims and methods of commission.

65. The actions of John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson, both by each

individually and collectively, were and are continuous and pose a threat of repetition extending indefinitely into the future.

66. Robert G. Hall has executed numerous assignments purporting to be assistant Secretary of MERS, and vice president of Bayview Loan Servicing, LLC.

67. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's actions, both by each individually and collectively, constitute their regular way of conducting their ongoing business.

68. Upon belief, plaintiff alleges that it is likely that John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson will continue to file mortgage assignments in New York Courts that are unlawful and/or fraudulent, or continue to fail to take corrective action to notify the Courts of impossible assignments they have already filed.

69. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York, Robert G. Hall and Anissa Hickerson's actions in this count constitute a scheme to defraud plaintiff.

70. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's actions defined in this count in

furtherance of a scheme to defraud plaintiff, and were taken in an effort to defraud plaintiff of money or property.

71. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson's communications with plaintiff and the Westchester County Supreme Court, Westchester County New York recorder, and the Westchester County New York Clerk of Court occurred as part of a common plan, or scheme of John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon and Robert G. Hall.

72. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson, each individually, conducted or participated in the conduct or the affairs of the other defendants as described herein.

73. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson took the actions defined in this count willfully, intentionally, with knowledge of their actions, and with the intent to defraud plaintiff.

74. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson took the actions in this count, with the knowledge that their actions would result in the taking of plaintiff's home

through foreclosure and auction by a referee, and they could establish a right

to, by using the assignment.

75. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson took the actions defined in this count with the knowledge that their actions would likely result in them defrauding plaintiff.

76. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall, and Anissa Hickerson took the actions defined herein with callous and reckless indifference to the rights of others.

77. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson participated in the scheme to defraud plaintiff with callous and reckless indifference to the rights of others.

78. Plaintiff was injured by defendants RICO violations, including by having to defend a foreclosure action based in part on the impossible assignment, for facing potential multiple liability from others who may claim an interest in the mortgage, or note, for clouding Mr. Plaintiff's property title, by having the impossible assignment appear and remain on the recorded title with the Westchester County recorder, for wrongly foreclosing on his interest in his property, and for the other actions described herein.

79. John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson were the actual and proximate cause of Mr. Plaintiff's injuries and each are liable to him under this count.

80. Plaintiff is entitled to damages, treble damages, fees and costs for John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon and Robert G. Hall's RICO violations.

## VI.    THIRD- N. Y. GENERAL BUSINESS LAW § 349 (A)

81. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

82. This coordinating claim for New York General Business Law only concerns defendants John M. Nichols and Jennifer M.S. Byrne.

83. At all times relevant to this incident, defendants John M. Nichols and Jennifer M.S. Byrne were subject to New York General Business law § 349 (a).

84. Violating the FDCPA has been determined by a Court of this State to violate New York General Business law § 349.

85. Defendants actions described in count one and the factual allegations of this complaint are each unfair or Deceptive acts, or practices in violations of New York General Business Law § 349.

86. Specifically, Jennifer M.S. Byrne states in paragraph No. 7 of the foreclosure complaint, "Said mortgage was assigned to the Bank of New York Mellon, by assignment dated October 29, 2012 and recorded in the Westchester County Clerk's office on November 21, 2012 in control # 523113036. A copy of the assignment is annexed to and made a part hereof as part of exhibit C".

87. John M. Nichols decided to oppose plaintiff's motion for stay pending appeal, even though he realized that the matter is a conspiracy and his actions amount to engaging in a conspiracy to join an existing conspiracy in violation of title 18 U.S.C. Section 371.

88. John M. Nichols and Jennifer M.S. Byrne's actions described in count one and the factual allegations of this complaint were committed with **knowledge** within the meaning of New York General Business Law § 349 (a).

89. Plaintiff's actual damages under the New York Business Obligations law are equal the total value of damages under the FDCPA.

90. Defendants John M. Nichols and Jennifer M.S Byrne are liable to plaintiff in an amount equal to three times of his actual damages under FDCPA, pursuant to New York General Business Obligations Law § 349, fees and costs of this action.

## VII.  FOURTH COUNT-CIVIL CONSPIRACY

91. Plaintiff incorporates all other paragraphs in this complaint by reference as though fully rewritten herein.

92. Defendants John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson agreed to draw up, and execute the assignment, and Anissa Hickerson notarized the assignment in Florida, knowing that it contained false representations, which is a violation of New York penal law 175.10 for the falsification of Business records.

93. Defendant Robert G. Hall, at the behest of John M. Nichols, Jennifer M.S. Byrne, and the Bank of New York Mellon, signed the assignment which is a forged document on October 29, 2012 and a violation of New York penal law 170.30 for the Criminal possession of a forged instrument.

94. Accordingly, defendants John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson conspired to commit the tort and crime of falsification in violation of New York penal law 175.25 which is tampering with public records.

108. Defendants Robert G. Hall conspired to execute a forged document that was notarized in the State of Florida by Anissa Hickerson which is a violation of New York executive law § 137 & Article IV of the Notary public code of professional responsibility.

95. Defendant John M. Nichols engaged in a conspiracy to join an existing conspiracy in violation of title 18 U.S.C. § 371, when he sought and oppose plaintiff's motion to vacate the summary judgment of foreclosure and sale for fraud upon the court and the court ruled in Nichols favor.

96. Defendant's actions of conspiring to commit the tort and crime of falsification are an unlawful act, which was independent from the actual conspiracy.

97. As a result of defendants agreement to execute the assignment and the resultant falsification, plaintiff suffered damages to defend the action and damages for emotional distress.

98. Accordingly, defendants John M. Nichols, Jennifer M.S. Byrne, the Bank of New York Mellon, Robert G. Hall and Anissa Hickerson are jointly and severally liable to plaintiff for damages for emotional distress, the cost of defending the action, the cost to remove the cloud they created on title and any other expenses incurred as a result of prosecuting this action.


## VIII.  PRAYER FOR RELIEF

**Wherefore,** plaintiff respectfully prays the Court;

A. Assume jurisdiction of this case;

B. Award plaintiff the maximum damages under each count.

C. Award plaintiff actual damages to defend the frivolous foreclosure action, plus an amount a jury determines adequate compensation for plaintiff's emotional damages, pursuant to 15 U.S.C. § 1692 k (a) (1), 18 U.S.C. § 1964 (c), and New York General Business Law § 349 (a).

D. Award plaintiff treble damages in amount to be determined pursuant to New York General Business Law § 349 (a), and 18 U.S.C. § 1964 (C);

E. Award plaintiff fees and the costs of this action pursuant to 15 U.S.C. § 1692 k (a) (3), New York General Business law § 349 and 18 U.S.C. § 1964 (C);

F. Award plaintiff punitive damages;

G. Declare the assignment of mortgage is void;

H. Issue an order requiring defendants to take corrective action with any Court to which they filed a foreclosure lawsuit using a mortgage assignment that was signed by Robert G. Hall as assistant secretary of MERS after October 29, 2012, by, at minimum, providing notification to those respective Courts of this case and this Court's declarations.

I. Issue an injunction preventing defendants from filing any assignment of mortgage with any recorder, or before any Court signed Robert G. Hall on behalf Mortgage Electronic Registration Systems, Inc., after October 29, 2012.

J.  Issue an order requiring defendants to remove the current assignment of

mortgage from the title of the subject property; and

K.  Award such other relief deems appropriate, including further declaratory

relief.

## **JURY TRIAL DEMANDED**

Plaintiff hereby request a trial by Jury on all triable issues, pursuant to Fed. R. Civ.

P. 38 (b).

Dated: March 10, 2016

Respectfully Submitted

Gary L. Francis

Pro Se plaintiff

543 Main Street, Unit # 211

New Rochelle, NY 10801

646-479-4873

Francisgary1@aol.com

24